# EXHIBIT B

## ASBESTOS INSURANCE RIGHTS TRANSFER AGREEMENT

This ASBESTOS INSURANCE RIGHTS TRANSFER AGREEMENT (this "Agreement") is made as of _____, 2005, by and among the Burns and Roe Parties, and the Burns and Roe Asbestos Personal Injury Trust (the "Trust"). Capitalized terms used herein without definition shall have the meanings given to such terms in the confirmed Plan of Reorganization for Burns and Roe Enterprises, Inc. (the "Plan"), as such Plan may be amended, modified or supplemented from time to time in accordance with the terms thereof.

WHEREAS:

A. The Burns and Roe Parties maintained liability insurance programs to protect themselves from certain risks resulting from their businesses;

B. One or more of the Burns and Roe Parties has been named as a defendant in actions or proceedings in which plaintiffs assert Asbestos Personal Injury Claims;

C. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court on December 4, 2000, under the caption In re Burns and Roe Enterprises, Inc., No. 00-41610 (RG);

D. The Plan requires the Burns and Roe Parties to transfer the Insurance Rights to the Trust;

E. The Burns and Roe Parties wish to comply with the terms, conditions, and requirements of the Plan and the Confirmation Order;

F. The Burns and Roe Parties are receiving good and valuable consideration in exchange for the transfers, grants, assignments, and promises made in this Agreement, including the Permanent Channeling Injunction;

NOW, THEREFORE, the Burns and Roe Parties and the Trust hereby agree as follows:

I. TRANSFER TO THE ASBESTOS PERSONAL INJURY TRUST

A. Effective on the Effective Date, the Burns and Roe Parties hereby irrevocably transfer, grant and assign to the Trust, and the Trust receives and accepts, any and all of their Insurance Rights. To the extent any Insurer consented to a pre-petition settlement agreement of an Asbestos Personal Injury Claim or otherwise has consented to pay an Asbestos Personal Injury Claim on behalf of one or more of the Burns and Roe Parties, the Burns and Roe Parties transfer and assign to the Trust the right to enforce such Insurer's commitment.

B. The Insurance Rights Transfer is made free and clear of all liens, encumbrances, claims, or causes of action of any nature whatsoever, except (a) the Trust shall be substituted for

the Debtor and those Burns and Roe Parties that are parties to that civil action captioned as <u>Continental Casualty Company v. Burns & Roe Enterprises, Inc., et al.</u>, No. 99 Civ. 12140 (RCC), United States District Court for the Southern District of New York, and (b) available limits of liability for coverage of certain types of claims under one or more Subject Insurance Policies may have been reduced by certain pre-petition payments made by Insurance Entities to or on behalf of one or more of the Burns and Roe Parties.

C. The Trust agrees to pay any and all charges and expenses, including retrospective premiums, deductibles, self-insured retentions or other claim or insurance charges and expenses, arising in any way out of any and all Trust Claims ("Claim Charges"). If one or more of the Burns and Roe Parties receives an invoice or other demand for any Claim Charges, it shall promptly forward such invoice or demand to the Trust for payment, and the Trust shall make such payment within the time period required by the invoice or demand. To the extent the Trust does not make such payment within the time period required by the invoice or demand or if an Insurance Entity asserts a claim or other demand against one or more of the Burns and Roe Parties arising out of or related to Claim Charges, the Trust shall indemnify, defend and hold harmless the Burns and Roe Parties in connection with each such claim or other demand.

D. The Insurance Rights Transfer is made to the maximum extent possible under applicable law.

E. The Insurance Rights Transfer is absolute and does not require any further action by the Burns and Roe Parties, the Trust, the Bankruptcy Court, or any other Entity.

F. The Insurance Rights Transfer is not an assignment of any insurance policy itself.

II. COOPERATION BY THE DEBTOR AND AFFILIATES

Subject to Section ___ of the Plan, the Burns and Roe Parties shall cooperate in the pursuit by the Trust of payment by the Insurance Entities pursuant to the Insurance Rights as reasonably requested by the Trust. Such cooperation shall include, but not be limited to, the Burns and Roe Parties making their books, records, employees, agents, and professionals available to the Trust.

III. WARRANTIES AND REPRESENTATIONS

The Burns and Roe Parties warrant and represent, to the best of their knowledge and belief, that:

A. All insurance policies that the Burns and Roe Parties have reason to believe provide or may provide coverage for Asbestos Personal Injury Claims and/or Indirect Asbestos Personal Injury Claims are listed accurately on Exhibit ___ to the Plan. If, at any time after the execution of this Agreement, the Burns and Roe Parties, or the Reorganized Debtor discover the existence of an insurance policy that provides or may provide coverage for Asbestos Personal Injury Claims and/or Indirect Asbestos Personal Injury Claims, the party discovering such policy promptly shall so inform all other parties to this Agreement.

      B. All insurance settlement agreements that the Burns and Roe Parties have reason to believe may affect the Trust's rights under any Subject Insurance Policy or Subject Insurance Settlement Agreement are listed accurately on Exhibit ___ to the Plan. If, at any time after the execution of this Agreement, the Debtor, the Affiliates, or the Reorganized Debtor discover the existence of a settlement agreement that provides or may provide coverage for or imposes a payment obligation on an Insurer with respect to liabilities arising from Asbestos Personal Injury Claims and/or Indirect Asbestos Personal Injury Claims, the party discovering such settlement agreement promptly shall so inform all other parties to this Agreement.

      C. The Burns and Roe Parties have not heretofore transferred, granted, encumbered, hypothecated, pledged or assigned, in whole or in part, any Insurance Right, any of the Subject Insurance Policies, any of the Subject Insurance Settlement Agreements, or any rights of the Burns and Roe Parties thereunder.

IV.    MISCELLANEOUS

      A.    This Agreement shall be governed by, and construed in accordance with, the laws of New Jersey, without regard to its conflict of law principles.

      B.    This Agreement inures to the sole benefit of the Burns and Roe Parties, the Protected Parties and the Trust, and their respective successors, heirs, trustees, administrators and assigns. Nothing in this Agreement is intended or shall be construed to intend or recognize any third-party beneficiaries, and this Agreement expressly does not confer any rights upon any persons other than the signatories.

      C.    This Agreement and the rest of the Plan contain the entire agreement of the parties relating to the subject matter of this Agreement, and this Agreement supersedes any prior oral or written agreements concerning the subject matter hereof. No failure to exercise or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof or of any other right, power or privilege. The rights and remedies herein provided are cumulative and are not exclusive of rights under law or in equity.

      D.    This Agreement may not be amended, modified or changed except pursuant to a writing executed by all of the parties.

      E.    This Agreement may be executed in multiple counterparts, each of which will be an original, but all of which together will constitute one and the same agreement.

FOR THE BURNS AND ROE PARTIES

By: _____

Name: _____

Title: _____

Date: _____

FOR THE BURNS AND ROE ASBESTOS
PERSONAL INJURY TRUST

By: _____

Name: _____

Title: _____

Date: _____